IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. THOMPSON, SR.,
    Plaintiff,

vs.                                     Case No. 3:09cv384/LAC/EMT

JANET H. KEELS,[1]
Coordinator of the Office
of Executive Clemency,
    Defendant.
_____/

## **ORDER**

    Plaintiff, appearing pro se, has filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The filing fee has been paid.

    Plaintiff is informed that it is his responsibility to formally serve the complaint so that Defendant may be given an opportunity to respond to his allegations. In light of Plaintiff's pro se status, the court will provide him with information concerning service. To effect service of process, Defendant must be delivered a summons, which is issued to Plaintiff by the clerk of court, and a copy of the complaint (Doc. 1). Service may be effected by any person who is at least 18 years of age and <u>is not a party to this action</u>. To the extent Plaintiff sues Defendant in her <u>individual</u> capacity, service upon an individual is effected by serving Defendant in the manner prescribed by Rule 4(e) of the Federal Rules of Civil Procedure. Alternatively, Rule 4(d) of the Federal Rules of

---

[1] Plaintiff names "Jent Keels" as the Defendant in this case. The Coordinator of the State of Florida's Office of Executive Clemency—the person whom Plaintiff apparently intends to name as the Defendant in this case—is Janet H. Keels, however. For purposes of proper identification of the named Defendant on the docket and issuance of summons only, the court has altered the style of this case to reflect that Janet H. Keels, Coordinator of the Office of Executive Clemency, is the Defendant.

Civil Procedure allows Plaintiff the option of sending Defendant a notice of commencement of this action and a request that Defendant waive formal service of process. If Defendant fails to return the waiver form (which Plaintiff must enclose), Plaintiff must formally serve Defendant, and Defendant may be liable for the costs of formal service.

To the extent Plaintiff sues Defendant in her <u>official</u> capacity, service must be made in accordance with Rule 4(j)(2) of the Federal Rules of Civil Procedure. Plaintiff should note that service upon a state, municipal corporation, or other governmental organization corporation is effected by delivering a copy of the summons and complaint to the chief executive officer, or serving the summons and complaint in the manner prescribed by the laws of the State of Florida for the service of summons or other like process upon any such Defendant. Fed. R. Civ. P. 4(j)(2). Plaintiff should thoroughly review Rule 4 before attempting service on Defendant.

Finally, Plaintiff is advised that he is responsible for service "within 120 days after the complaint is filed," or the cause may be dismissed. *See* Fed. R. Civ. P. 4(m).

Accordingly, it is **ORDERED**:

1. The docket shall reflect that Janet H. Keels, Coordinator of the Office of Executive Clemency, is the Defendant.

2. The clerk of court shall forthwith issue a summons for Defendant and send the summons to Plaintiff. The clerk shall also send Plaintiff waiver of service forms (forms AO-398 and AO-399) for his use (it is Plaintiff's responsibility to determine the number of forms he needs and make the appropriate number of photocopies).

3. Plaintiff is responsible for prompt service of a summons and a copy of complaint (Doc. 1) upon Defendant in each capacity in which she is sued.

4. After a response to the complaint has been filed by Defendant, Plaintiff shall be required to mail to the attorney for Defendant a copy of every pleading or other paper submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the clerk of court a "certificate of service" which states the date a correct copy of the paper was mailed to Defendant or to the attorney representing Defendant. Any paper submitted for filing after a response to the complaint has been filed by Defendant which does not contain a "certificate of service" shall be returned to Plaintiff by the clerk and disregarded by the court.

**DONE AND ORDERED** this 8th day of December 2009.

c

                                                /s/ *Elizabeth M. Timothy*
                                                **ELIZABETH M. TIMOTHY**
                                                **UNITED STATES MAGISTRATE JUDGE**