IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD L. THOMPSON, SR.,
    Plaintiff,

vs.                                    Case No. 3:09cv384/LAC/EMT

JANET KEELS
Coordinator of the Office
of Executive Clemency,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Edward L. Thompson, Sr. ("Thompson"), proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendant Janet Keels ("Keels"), who is the coordinator of the Office of Executive Clemency for the State of Florida (Doc. 1). Thompson also filed a motion to proceed in forma pauperis (Doc. 6), but he subsequently paid the filing fee (Doc. 11). Due to Thompson's pro se status, this matter was referred to the undersigned for all preliminary orders and the filing of a Report and Recommendation. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). Pending is Keels' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 22), to which Thompson has responded (Doc. 24). For the reasons stated below, the court recommends that Keels' motion be granted and this action be dismissed.

**Background**

    The allegations and attachments to Thompson's complaint reflect that in 1989 he entered a plea of nolo contendere in the Circuit Court of Okaloosa County, Florida, to the offense of battery

on a law enforcement officer and was adjudged guilty[1] (Doc. 1 at 8). Imposition of sentence was withheld, and Thompson was placed on probation for five years (*id.*). Thompson was discharged from supervision in March 1993 (*id.* at 5), and in March 1994 the Office of Executive Clemency issued a certificate—signed by Keels—restoring his civil rights, other than the specific authority to possess or own a firearm (*id.*). Thompson also attaches to his complaint a document titled "Application for Clemency," which indicates that on March 5, 2008, he sought to have his right to own, possess, or use a firearm restored (*id.* at 7). Thompson does not assert in the complaint that his application was denied nor does he attach any documentation to that effect, but his statements that "Heller[2] ushered in a new era of second amendment interpretation by declaring an individual right to bear arms" and that "I would like to hunt once more before I die" suggest that his application was not approved (*id.* at 3). In the "Statement of Claims" section of the complaint form Thompson writes:

> Sentence was withheld. If sentence was withheld, then the state cannot hold my 2nd Amendment Rights. Violated my 2nd Amendment rights. 6th Amendment, I had no public trial, was not informed that when I entered a plea [of] nolo contendere that I would loose [sic] any of my civil rights. Since sentence was withheld, the state cannot take my civil rights unless I have a trial. The state also violated my equal protection clause under the 14th Amendment.

(Doc. 1 at 4). As relief, Thompson states that "[t]he State of Florida should grant me my rights to my 2nd Amendment" (*id.*).

Keels responds by seeking dismissal of the complaint (Doc. 22), in part pursuant to Rule 12(b)(6) for failure to state a claim. She argues that under the separation of powers doctrine courts cannot force a grant of clemency and also that Keels did not remove his right to own or possess

---

[1] On a motion to dismiss, the court's consideration is limited to those facts contained in the complaint and the attached exhibits. Griffin Inds., Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007). Under Fed. R. Civ. P. 10(c), "attachments are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985).

[2] Presumably Thompson refers to District of Columbia v. Heller, ___ U.S. ____, 128 S. Ct. 2783, 171 L. Ed.2d 637 (2008).

firearms nor has she the authority to restore that right (*id.* at 7, 10–11).[3] In response (Doc. 24), Thompson points to the certificate issued in 1994 by the Office of Executive Clemency restoring his civil rights (other than the authority to possess or own a firearm), the Supreme Court's decision in Heller, and a prior habeas corpus action he filed in this court in 1991 [Thompson v. Curry, Case No. PCA 91-30110/WEA ("Curry")] as well as a more recent civil case [Thompson v. Novotny, Case No. 3:09cv385/LAC/EMT ("Novotny")] related to his habeas petition.

In Novotny, this court noted that in Thompson v. U.S. District Court, Case No. 3:04cv154/MCR/MD ("U.S.D.C."), Magistrate Judge Miles Davis summarized Thompson's litigation history in this court in a Report and Recommendation which was adopted and incorporated by reference in District Judge M. Casey Rodgers' order dismissing that case:

> In case PCA 91-30110/WEA, the late Judge Winston Arnow adopted the recommendation of Magistrate Judge Susan M. Novotny that plaintiff's habeas petition challenging his 1989 conviction of battery on a law enforcement officer be denied. Judgment was thereafter entered on January 20, 1993. Plaintiff filed an appeal, but both this court and the Eleventh Circuit Court of Appeals denied a certificate of probable cause, and the appeal was dismissed. In the instant case, plaintiff seeks monetary damages and an injunction effectively reversing the judgment denying his habeas petition in case number 91-30110/WEA (*see* doc. 1, p.4). FN1
>
> > FN1. The court notes that plaintiff previously filed a civil rights action that is similar, if not identical to the instant action (*see*

---

[3] Other than as addressed briefly below, the court does not consider Keels' additional arguments that the court lacks subject matter jurisdiction over this action because, acting in her official capacity, Keels is not a "person" within the meaning of section 1983; that sovereign immunity bars Thompson's claim; and that Keels is entitled to qualified immunity.

The court reads Thompson's complaint as naming Keels in her official capacity as coordinator for the Office of Executive Clemency and seeking injunctive relief only. To the extent Keels asserts that states and state officials acting in their official capacities cannot be sued for money damages under section 1983 because they are not considered to be "persons" for the purposes of the statute, she is correct. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). A state official sued in her official capacity is a person for purposes of section 1983, however, when prospective relief, including injunctive relief as Thompson requests here, is sought. *Id.*, 491 U.S. at 71, n. 10. Also, it is true that, with respect to section 1983 suits against state agencies and state officials, in their official capacities, the sovereign immunity conferred by the Eleventh Amendment generally prohibits such actions. Miller v. King, 384 F.3d 1248, 1259–60 (11th Cir. 2004), *vacated on other grounds*, 449 F. 3d 1149 (2006). A plaintiff may, however—as Thompson does here—bring a section 1983 action against a state official in her official capacity when prospective injunctive relief is requested. Miller, 384 F.3d at 1260 (citations omitted). Finally, the doctrine of qualified immunity applies only to monetary damages relief, not declaratory and injunctive relief. *See* Fortner v. Thomas, 983 F.2d 1024, 1029 (11th Cir. 1993). As noted, Thompson seeks only injunctive relief, not monetary damages.

Case No. 3:09cv384/LAC/EMT

> *Thompson v. United States of America*, Case Number 93-30309/RV/SMN). On October 14, 1993 Judge Roger Vinson entered an order adopting the recommendation of Magistrate Judge Susan M. Novotny and dismissed the action as frivolous (*id.*, docs. 5, 6). The dismissal was affirmed by the Eleventh Circuit on November 21, 1994. On July 9, 2001, plaintiff filed a petition in the same case in which he sought reconsideration of the judgment in case number 91-30110/WEA. On August 21, 2001, Judge Roger Vinson entered an order adopting the recommendation of Magistrate Judge Susan M. Novotny and denied relief (*id.*, docs. 31, 33, 34).

Report and Recommendation, Case No. 3:04cv154/MCR/MD (N.D. Fla. May 3, 2004). In U.S.D.C., Thompson filed a civil rights complaint claiming that this court violated his due process rights by entering the Report and Recommendation in Curry, which constituted fraud, perjury, and obstruction of justice. Complaint, Case No. 3:04cv154/MCR/MD (N.D. Fla. Apr. 26, 2004). Thompson sought monetary damages and an injunction effectively reversing the judgment denying his habeas petition in that case. *See id.* Magistrate Judge Davis recommended that the complaint be dismissed as frivolous on the grounds that Thompson's claim for damages was barred by the doctrine of sovereign immunity, and to the extent Thompson sought reconsideration of the judgment in Curry, he offered no basis for the court's authority to do so. *Id.* Judge Rodgers adopted the Report and Recommendation and dismissed the case. Order, Case No. 3:04cv154/MCR/MD (N.D. Fla. May 11, 2004). In Novotny, this court recommended dismissal of the action with prejudice based on the doctrine of res judicata. Report and Recommendation, Case No. 3:09cv385/LAC/EMT (N.D. Fla. Oct. 30 2009). Adopting the Report and Recommendation over Thompson's objection, District Judge Lacey Collier dismissed the case. Order, Case No. 3:09cv385/LAC/EMT (N.D. Fla. Dec. 16, 2009).

**Discussion**

As previously noted, Thompson does not allege—nor in her motion does Keels explain—that the Office of Executive Clemency has in fact denied Thompson's 2008 clemency application for authority to own, possess, or use firearms. Assuming that the application was rejected, however, and that Thompson's claim therefore could be considered ripe, the court nevertheless concludes that the action should be dismissed for failure to state a claim.

Before addressing the rationale for dismissing this action for failure to state a claim, the court

notes the following. Keels understands Thompson's current complaint simply as one "seeking restoration of his right to own/possess firearms" (Doc. 22 at 1). The court agrees that having this right restored is at the heart of Thompson's complaint and constitutes the actual relief he seeks. Nevertheless, and notwithstanding Thompson's statement in his complaint that he was "never guilty, that being moot for now" (Doc. 1 at 3), other allegations in the complaint and references in Thompson's response to Keels' motion suggest that Thompson, once again, seeks to put at issue his 1989 criminal conviction. As explained in U.S.D.C., and reiterated in Novotny, however, any challenge to Thompson's conviction was heard and rejected in Curry, his habeas action, and Thompson offers no reason for reconsidering the judgment entered in Curry.

      When considering dismissal pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint as true, construing the allegations and drawing all reasonable inferences in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F. 3d 1334, 1336 (11th Cir. 2006). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007). Ordinarily, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Even so, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). As a result, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The pleadings of a plaintiff who proceeds pro se are held to a less stringent standard than pleadings drafted by an attorney and must be construed liberally. Koger v. Florida, 130 F. App'x 327, 332 (11th Cir. 2005) (citation omitted). Regardless, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal'" of a pro se plaintiff's complaint. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005) (citation omitted).

      Section 1983 creates a cause of action for anyone subjected "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983. The State of Florida's clemency process is derived solely from the

Florida Constitution and is strictly an executive branch function. Parole Comm'n v. Lockett, 620 So. 2d 153, 154–55 (Fla. 1993). The Florida Supreme Court has interpreted the Florida Constitution to mean that the "people of [Florida] chose to vest sole, unrestricted, unlimited discretion exclusively in the executive in exercising this act of grace." Sullivan v. Askew, 348 So.2d 312, 315 (Fla. 1977).[4] Thus, under federal law, Florida has not created a protected liberty interest with respect to clemency proceedings. *See* Ohio Adult Parole Authority v. Woodard, 523 U.S. 272, 278, 118 S. Ct. 1244, 140 L. Ed.2d 387 (1998) ("Since the Governor retains complete discretion to make the final [clemency] decision . . . the State [of Ohio] has not created a protected interest."). Moreover, the Supreme Court recently reiterated that it has long held that "noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is entitled as a matter of state law." District Attorney's Office for the Third Judicial District v. Osborne, ___ U.S. ____, 129 S. Ct. 2308, 2319, 174 L. Ed. 2d 38 (2009) (citing Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 464, 101 S. Ct. 2460, 69 L. Ed. 2d 158 (1981)). As there is no constitutional right to state clemency proceedings, Thompson "cannot challenge the constitutionality of any procedures available to vindicate an interest in state clemency," *id.*, including, as here, procedures involved in the refusal to restore firearm authority, much less the refusal itself. Also, to the extent Thompson's allegations implicate the equal protection clause, his claim fails because he has neither asserted nor suggested that Florida has adopted a rule regarding clemency and restoring firearm authority that has "a special impact on less than all persons subject to its jurisdiction[ .]" New York Transit Auth. v. Beazer, 440 U.S. 568, 587–88, 99 S. Ct. 1355, 59 L. Ed. 2d 587 (1979).

As explained above, the factual allegations of Thompson's complaint are insufficient to raise a right to relief above the speculative level.[5] Twombly, 550 U.S. at 555. The complaint therefore is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Keels' motion granted.

---

[4] Florida's Rules of Executive Clemency (rev. 4/5/07) provide in pertinent part that the "Governor has unfettered discretion to deny clemency at any time, for any reason." The Rules are available Office of Executive Clemency's website: https://fpc.state.fl.us/ExecutiveClemencyInfo.htm (last accessed on April 13, 2010).

[5] Having concluded that the complaint should be dismissed for the reason discussed, the court need not address Keels' separation of powers argument or her assertion that she herself neither removed nor can restore Thompson's firearm authority.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Janet Keels (Doc. 22) be **GRANTED**.

2. That this action be **DISMISSED** and the clerk be directed to close the file

**DONE AND ORDERED** this 13th day of April 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**